IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| RAMAKRISHN SREEKAKULA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 18-cv-1096 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFF'S COMBINED MOTION AND MEMORANDUM IN SUPPORT OF ENFORCING THE SETTLEMENT AGREEMENT**

NOW COMES the Plaintiff, RAMAKRISHN SREEKAKULA, by his attorneys, Kelly & Castagna, LLC, and for his Combined Motion and Memorandum in Support of Enforcing the Settlement Agreement, states as follows:

INTRODUCTION

This matter arises from a fall that occurred at Walmart in Normal, Illinois on December 8, 2015. Complaint, ¶1. Plaintiff, Ram Sreekakula, was a customer and lawfully on the premises owned and maintained by Walmart when he sustained severe injuries as a result of a fall on produce. *Id.*, at 4-5. During the course of discovery, Walmart produced its policies and procedures that required mats to be placed in front of the display of loose fruits, such as grapes. In this case, surveillance video of Plaintiff's fall establishes that there was no mat in front of the display of grapes when Plaintiff fell on a grape.

On May 31, 2019, the parties reached a settlement agreement.[1] On that same date, for the first time, Defendant provided Plaintiff with a Release that sought to add an indemnification

---

[1] The parties are in agreement that keeping the terms of the settlement confidential is mutually beneficial. As such, counsel for Plaintiff has redacted the amount of the settlement and referenced terms of the Release only as necessary for this Court to enforce the settlement agreement.

agreement, which was never a part of the settlement negotiations. Counsel for Defendant has advised Plaintiff's counsel that she does not have authority to remove this language or change it in any way. Defendant is in breach of a settlement agreement, and thus Plaintiff asks that this Court enforce the settlement.

## FACTS PERTAINING TO THE SETTLEMENT NEGOTIATIONS

On May 31, 2019, the parties reached a settlement agreement. *See* Exhibit A, attached. Among the attachments to Defendant's email was a Release that contained an indemnification agreement. Specifically, the indemnification agreement at issue states:

> **INDEMNIFICATION**. PLAINTIFF SHALL DEFEND, THROUGH COUNSEL SELECTED BY WALMART, AND SHALL INDEMNIFY THE RELEASED PARTIES, AND ANY OF THEM, FROM ANY AND ALL LIENS, CLAIMS, LAWSUITS, DEMANDS, PROCEEDINGS OR ACTIONS WITH RESPECT TO HEALTH CARE TREATMENT, AND ANY OTHER BENEFITS RECEIVED OR THAT MAY BERECEIVED BY PLAINTIFF AS TO ANY CLAIMED INJURIES, ACTUAL OR POTENTIAL, ARISING OUT OF OR RELATED TO THE INCIDENT. THIS AGREEMENT BY PLAINTIFF TO DEFEND AND INDEMNIFY RELEASED PARTIES INCLUDES, BUT IS NOT LIMITED TO, ANY AND ALL CLAIMS, LAWSUITS, DEMANDS, PROCEEDINGS OR ACTIONS AGAINST THE RELEASED PARTIES WITH RESPECT TO ANY MEDICARE, MEDICAID, WORKERS' COMPENSATION, HOSPITAL OR HEALTH CARE, CHILD SUPPORT OR OTHER DOMESTIC RELATION LIENS, PUBLIC ASSISTANCE, ATTORNEYS' LIENS OR ANY OTHER LIEN OR INTEREST OR CLAIM FOR MEDICARE OR MEDICAID SECONDARY PAYMENT, AS WELL AS ANY AND ALL CLAIMS, SUITS, DEMANDS, PROCEEDINGS OR ACTIONS SEEKING ANY FINE, PENALTY OR OTHER RELIEF AGAINST THE RELEASED PARTIES ARISING FROM, IN WHOLE OR IN PART, PLAINTIFF'S PROVISION OR REPORTING OF FALSE OR INCORRECT INFORMATION TO WALMART OR PLAINTIFF'S BREACH OF THE DECLARATIONS AND COVENANTS OF SECTION 3 OF THIS AGREEMENT. THIS AGREEMENT BY PLAINTIFF TO DEFEND AND INDEMNIFY RELEASED PARTIES FURTHER INCLUDES, BUT IS NOT LIMITED TO, REIMBURSING ALL ATTORNEY FEES, LITIGATION EXPENSES, AND COURT COSTS INCURRED BY THE RELEASED PARTIES OR ANY OF THEM.

Upon returning to the office on June 11, 2019, counsel for Plaintiff responded to defense counsel, objecting to the indemnification language and seeking hold harmless language instead.[2] *See* Exhibit B, attached. On June 13, 2019, counsel for Plaintiff sent a settlement confirmation letter to counsel for Defendant. *See* Exhibit C, attached. In that letter, counsel for Plaintiff reiterated that Plaintiff would not sign an indemnification agreement; however, Plaintiff could agree to a hold harmless. Further, that letter stated that at no time was an indemnification agreement discussed during settlement negotiations. On June 13, 2019, counsel for Defendant responded to the issue of the indemnification agreement via email, stating that she did not have authority to remove the language or change it in any way. *See* Exhibit D, attached. On June 18, 2019, counsel for Plaintiff wrote to defense counsel, directing her to her own email on 5/9/19 (see Exhibit A) which stated that any settlement would be contingent upon the Medicare lien being satisfied, *absent a hold harmless agreement*. *See* Exhibit E, attached. On July 3, 2019, counsel for Plaintiff tendered the Release to defense counsel, which included hold harmless language, as discussed during settlement negotiations. Specifically, the hold harmless language in the Release that Plaintiff tendered to Defendant states:

> **HOLD HARMLESS**. PLAINTIFF WILL HOLD RELEASED PARTIES HARMLESS FOR ANY LIENS OF WHICH THEY HAVE RECEIVED NOTICE, OR ANY SUPERLIENS, SUCH AS MEDICARE. PURSUANT TO 735 ILCS 5/2-2301 ET SEQ. THE FUNDS OF THE SETTLEMENT SHALL BE DEPOSITED INTO PLAINTIFF'S ATTORNEY'S IOLTA ACCOUNT PENDING RESOLUTION OF THE LIEN CLAIMS.

ARGUMENT

This Court has the inherent authority to enforce a settlement agreement in a case pending before it. *Wilson v. Wilson*, 46 F.3d 660, 664 (7th Cir. 1995). State contract law governs issues

---

[2] Counsel for Plaintiff was out of the office from May 31, 2019 through June 11, 2019.

concerning the formation, construction, and enforcement of settlement agreements. *Sims-Madison v. Inland Paperboard & Packaging, Inc.*, 379 F.3d 445, 448 (7th Cir. 2004) (citing *Pohl v. United Airlines, Inc.*, 213 F.3d 336, 338 (7th Cir. 2000)). Under Illinois law, the existence of a valid and enforceable contract is a question of law when the basic facts are not in dispute. *Echo, Inc. v. Whitson Co.*, 121 F.3d 1099, 1102 (7th Cir. 1997). A settlement agreement is enforceable if there was a meeting of the minds or mutual assent to all material terms. *Abbott Labs. v. Alpha Therapeutic Corp.*, 164 F.3d 385, 387 (7th Cir. 1999) (citing *SBL Assoc. v. Village of Elk Grove*, 617 N.E.2d 178, 182 (1st Dist. 1993)). Material terms are sufficiently definite and certain when they enable a court to ascertain what the parties agreed to do. *K4 Enters., Inc. v. Grater, Inc.*, 914 N.E.2d 617, 624 (1st Dist. 2009) (citing *Midland Hotel Corp. v. Reuben H. Donnelly Corp.*, 515 N.E.2d 61, 65 (Ill. 1987)). Illinois follows the objective theory of intent in which the written records of the parties' actions — rather than their subjective mental processes — drive the inquiry. *Newkirk v. Village of Steger*, 536 F.3d 771, 774 (7th Cir. 2008); *see also Int'l Minerals & Chem. Corp. v. Liberty Mut. Ins. Co.*, 522 N.E.2d 758, 764 (1st Dist. 1988) ("The paramount objective is to give effect to the intent of the parties as expressed by the terms of the agreement.").

In this case, it is clear that the parties agreed to a settlement, which was contingent upon the Medicare lien being satisfied absent a hold harmless. *See* Exhibit A. There was simply no discussion regarding an indemnification agreement during settlement negotiations. As such, Defendant cannot seek to unilaterally impose such a term against Plaintiff now. Because the indemnification agreement was indisputably never a part of the settlement negotiations, the parties did not have a meeting of the minds in that regard. Therefore, Plaintiff asks that this

Court enforce the settlement agreement as described and direct that Defendant issue payment without any further delay.

## CONCLUSION

In sum, an indemnification agreement was never a part of the settlement negotiations. As such, Defendant cannot now insist upon the inclusion of such a term. Consequently, Plaintiff asks that this Court enforce the settlement agreement and order that Walmart accept the Release with a hold harmless and issue payment immediately.

WHEREFORE, Plaintiff, RAMAKRISHN SREEKAKULA, respectfully requests this Court grant Plaintiff's motion to enforce the settlement agreement and direct that Defendant issue payment without any further delay.

> RAMAKRISHN SREEKAKULA,
> Plaintiff,
> By: **/s/ Laura Castagna**
> Laura Castagna #6305602
> KELLY & CASTAGNA, LLC
> 121 N. Main St., 3rd Floor
> Bloomington, IL 61701
> (309) 820-0600- phone
> E-mail:laura.castagna@frontier.com

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1

I, the undersigned, certify that the foregoing combined motion and memorandum complies with the type volume limitation of 7.1(B). The word processing system used to prepare this document indicates that it contains 1,206 words.

> /s/ Laura Castagna

## PROOF OF SERVICE

I, the undersigned, certify on the 3rd day of July, 2019, electronically filed this document with the United States District Court, Central District of Illinois, which will send electronic notification to each of the following:

Rebecca L. Van Court
DeFranco & Bradley, P.C.
vancourt@defrancolaw.com

A copy of this document is available for viewing and downloading from the ECF system.

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Laura Castagna